Frankie L. McCOY, Sr.

v.

Captain R.O. WHITE, et al.

Frankie L. McCOY, Sr.

v.

CORRECTIONAL MEDICAL SYSTEMS et al.

Frankie L. McCOY, Sr.

v.

Bernard N. SMITH, et al.

Frankie L. McCOY, Sr.

v.

Captain R.O. WHITE, et al.

Frankie L. McCOY, Sr.

v.

Lt. R.E. JOHNSON, et al.

Frankie L. McCOY, Sr.

v.

Patricia GOINS.

Frankie L. McCOY, Sr., 172–986

v.

Sewall B. SMITH, et al.

Frankie L. McCOY, Sr., 172–986

v.

CORRECTIONAL MEDICAL SYSTEMS et al.

Civ. A. Nos. L–90–3014, L–91–153, L–91–1277, L–91–1760, L–91–2151, L–92–68, L–92–952 and L–92–1037.

United States District Court, D. Maryland.

June 17, 1992.

Frankie L. McCoy, Sr., pro se.

Philip M. Andrews, Glenn W. Bell, Emily M. Rody, Baltimore, MD, for defendants.

## MEMORANDUM

LEGG, District Judge.

In the several weeks since this Court adopted what appeared to be an unopposed Report and Recommendation issued in these consolidated cases by Chief United States Magistrate Judge Clarence E. Goetz, 145 F.R.D. 393, various pleadings, filed on behalf of the parties, have been received and docketed by the Clerk of Court.[1] Given the serious nature of the sanctions which have been recommended, the undersigned has given full review of the issues of fact and law raised in these recently-filed pleadings. (*See* Plaintiff's Objections to Report and Recommendation of the Magistrate Judge (Paper No. 34) and Defendant Correctional Medical Systems' Response to Plaintiff's Objections to the Magistrate Judge's Report and Recommendation. (Paper No. 35)). For reasons set forth below, the undersigned, having reviewed the additional pleadings, will again adopt the Magistrate Judge's Report and Recommendation, for reasons set forth herein.

■ The Objections filed on plaintiff's behalf largely focus on plaintiff's admitted failure to disclose his receipt in December, 1989 of a $4,000.00 settlement in a lawsuit filed against PHP Healthcare Corporation. Plaintiff claims (1) that he did not know the award should be reported on the Affidavit of Indigency because the forms provided by the Court for use in preparing the Affidavit were only recently changed to expressly request disclosure of settlements or judgments;[2] (2) that the settlement agreement prevented plaintiff from disclosing its terms; (3) that plaintiff was in such pain from his injuries that he simply forgot to list his true assets; and (4) that plaintiff lacked sufficient understanding to fill out the Affidavits of Indigency and to represent himself at the recent proceeding before Magistrate Judge Goetz. (*See* Paper No. 34).

The language in the original Affidavit of Indigency requires individuals seeking *in forma pauperis* status to list "any money" received from "any other sources." The way by which an individual came to have money is not requested in the original form; rather, the simple request seeks in-

1. The above-captioned cases were consolidated for limited purposes and referred to Magistrate Judge Goetz to conduct proceedings and submit findings and recommendations on two issues, to wit: whether plaintiff knowingly misrepresented his financial assets at the time he filed affidavits in support of indigency in those cases, and whether sanctions should be imposed against plaintiff in any or all of these cases. An evidentiary hearing was conducted on April 29, 1992, and the Magistrate Judge prepared a written Report finding that plaintiff falsified his Affidavit of Indigency in six of the eight cases, and recommending dismissal of those six actions with prejudice. Although appointment of counsel had been considered and denied, a law student, under the supervision of the Legal Aid Bureau's Prisoner Assistance Project, prepared Objections to the Magistrate Judge's Report and Recommendation on plaintiff's behalf, and at the eleventh hour delivered same to the Clerk's Office. By the time this pleading made its way through the Clerk's Office and came to the atten-tion of this chambers, a Memorandum and Order adopting what appeared to be an unopposed Magistrate Judge's Report and Recommendation had been signed and posted to the parties of record.

2. The undersigned notes that the recent revision of the Affidavit of Indigency took place after judges in this Court expressed concern that plaintiff may have failed to disclose various monies received through settlements or judgments over the past several years. The revised forms were approved and placed into circulation through the Clerk of Court after this Court referred the instant matters to Magistrate Judge Goetz for review of plaintiff's true financial status. After these cases were referred to for review of plaintiff's financial status, plaintiff requested forms for filing additional civil rights actions in this Court. At that point, plaintiff was provided the revised forms which for the first time specifically requested information concerning settlements and judgments.

formation concerning the individual's net cash worth. Plaintiff, an individual savvy enough to set up a Totten Trust with monies received from the settlement and healthy enough to stay in touch with a bank officer who assisted him in the disbursement of monies in that Trust and in the purchase and liquidation of Certificates of Deposit, cannot credibly claim to have misunderstood the simply request contained in the original Affidavit of Indigency.[3]

■ Even if the nondisclosure of the $4,000.00 settlement is overlooked, plaintiff's Affidavits of Indigency contain other false statements and omissions, including the failure to list his account at Maryland National Bank or the existence of his Certificate of Deposit at that bank. This practice of omission occurred in each of the six cases recommended for dismissal, and plaintiff's claim that his physical discomfort prevented him from understanding the simple questions listed in the Affidavits in each instance does not ring true. Although plaintiff may claim confusion, his physical condition did not prevent him from attempting to relitigate a case that had been dismissed with prejudice in the State district court (upon a finding that plaintiff had misrepresented his financial status when he filed in that court) by refiling the action in this Court. (*See* CMS Exhibit 15, and compare with *McCoy v. CMS, et al.,* Civil Action No. L–92–1037).

Additionally the undersigned notes that while plaintiff, an experienced *pro se* litigator who has been successful in the courts in the past,[4] was not entitled to representation in this case, he did receive assistance from the Legal Aid Bureau's Prisoner Assistance Project in preparing written opposition to the dispositive motions filed herein, and in preparing written objections to the Magistrate Judge's findings. Plaintiff's performance at the hearing and the leeway afforded him by the Magistrate Judge further support the decision not to appoint counsel in this case.

■ Plaintiff's contentions to the contrary, the unjustified misrepresentations and omissions made in the Affidavits of Indigency, combined with the implausible explanations offered by plaintiff at the hearing, support the Magistrate Judge's conclusion that plaintiff "... blatantly misrepresented his financial condition." (Magistrate Judge's Report and Recommendation, 145 F.R.D. at 398). Plaintiff misrepresented his financial assets *on six occasions* before this Court, and has a history of having done so before at least one State court in the recent past. No sanction other than dismissal with prejudice is appropriate and warranted in this instance.

A separate Order shall be entered in accordance with this Memorandum.

## ORDER

In accordance with the foregoing Memorandum, IT IS this 17th day of June, 1992, by this Court, hereby ORDERED:

1. That plaintiff's Objections to Report and Recommendation of the Magistrate Judge and Defendant Correctional Medical Systems' Response to Plaintiff's Objections ARE ACCEPTED FOR CONSIDERATION;

2. That the Magistrate Judge's Report and Recommendation of May 6, 1992 IS HEREBY ADOPTED;

3. That Civil Action Nos. L–90–3014, L–91–153, L–91–1277, L–91–1760, L–91–2151 and L–92–68 ARE DISMISSED WITH PREJUDICE;

4. That the Clerk of Court CLOSE these actions;

5. That Civil Action Nos. L–92–952 and L–92–1037 BE PERMITTED TO PROCEED in this Court.

---

3. The undersigned notes that plaintiff is sophisticated enough to have run his own business; litigate numerous civil actions in this Court on his own behalf; and request forms and information from this Court on many occasions.

4. Plaintiff has used retained counsel on occasion for criminal and personal injury matters in the past.